Martin, J.
delivered the opinion of the court. The plaintiffs sued by their tutors *301 and curators, except one who sued with her husband, on the sale of sundry negroes, part of the estate of their father, sold by the parish judge, the price of whom was expressly made payable to Seth Lewis, testamentary executor; they alleged, that the latter had rendered his accounts and did not any longer act as executor—they brought, at different times, two suits for the recovery of the first and second instalments of the sale.
The defendants pleaded to the first suit the general issue, averring that the plaintiffs were not the children, or heirs of Offut; that the persons named as their tutors or curators, had not that capacity; that the plaintiff Ann was not the wife of J. Miramond, with whom she sued as his wife.
One of the defendants separately pleaded his minority, and the want of a curator.
The first suit not being tried, at the inception of the second, the defendants pleaded to the latter, the existence of redhibitory defects. The two cases were consolidated; there was a verdict establishing a redhibitory defect, which avoided the sale of one of the slaves, valued at $2000; the jury found for the defendant; as to the rest there was judg *302 ment accordingly, and the plaintiffs appealed; and the defendants, under the late act of assembly, have prayed relief.
Whatever may be our reluctance in setting aside the verdict of a jury, we are bound to do so, where it is unsupported by any evidence in regard to some material fact.
Here the defendants pleaded the general issue, expressly denied that the plaintiffs were the heirs or children of the person whose estate is claimed, and that the persons who style themselves tutors and curators of the minors have those capacities.
By the statement of facts, the least tittle of evidence does not appear to have been produced to establish what was there denied, and was of vital importance to the success of the plaintiffs.
It is true, on the second suit, the like pleas were not made, and the defence was confined to redhibitory defects; but the two suits were consolidated, and we take the effect of the consolidation to be that the cases are to be considered as if the facts of both petitions were introduced in one or several counts, and those of the two answers put together in one.
On suits, thus consolidated, but one judg *303 ment can be regularly given; and it appears to us, that in the present instance, the plaintiffs cannot recover, as they have failed to establish their right to any part of the deceased’s estate.
Baldwin for the plaintiffs, Thomas for the defendants.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed; and that there be judgment for the defendants as in the case of non-suit, with costs in both courts.